UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                Case No. 09-20165
                                                    HON. BERNARD A. FRIEDMAN
vs.

CRAIG ALEO,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION IN SUPPORT OF AN ORDER COMPELLING GOVERNMENT COMPLIANCE WITH THE CRIME VICTIMS' RIGHTS ACT AND ORDERING ADDITIONAL BRIEFING ON THE QUESTION OF APPROPRIATE SANCTIONS**

      Defendant, Craig Aleo, has filed a motion requesting that the Court enter an order directing the prosecutor to file a formal motion, with notice to defense counsel, seeking permission for the minor victim's mother to speak at sentencing. Defendant's attorney, John Freeman, contends that this motion is filed pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. This matter came before the Court on April 15, 2010. A hearing was held and oral arguments were heard. For the reasons stated on the record, Defendant's motion is DENIED.

      While the Court has already conducted a hearing on this motion, it informed the parties that it intended to also issue a written opinion. The Court feels, very strongly, that Defendant's motion is unwarranted, baseless, and worthy of contempt of Court.

      Freeman's motion serves solely as a blatant attempt to intimidate the minor victim's mother. Freeman states in the motion that he seeks to ascertain the content of the victim's

mother's statement, in advance, so that he may "appropriately respond." He states that he wants to determine, in advance, whether there will be a legal basis to challenge the introduction of potentially impermissible material by the victim's mother at his sentencing. Freeman should know that his client does not have a right to respond to a statement pursuant to the CVRA, and Freeman's intention to do so makes a mockery of the CVRA, as it is clearly meant to intimidate and harass the victim's mother prior to her statutorily protected moment in Court.

Freeman contends that the requested order would serve to compel government compliance with the CVRA. Freeman apparently takes on the role of legislator as he injects new restrictions into the CVRA. He argues that Congress intended for crime victims to be heard "in a manner that does not infringe on the rights of the defendant or the orderly administration of justice." Motion, page. 5. This language is not contained in the CVRA, and Freeman does not cite to any case law to support his statement.

After Freeman makes the above argument, he next makes blanket statements about his client's "fundamental constitutional rights," such as the right to be presumed innocent, to be found guilty only based on proof beyond a reasonable doubt, and the right to confront and cross-examine adverse witnesses, all of which are rights that he has prior to conviction, but certainly not at sentencing. Once again, Freeman's arguments are baseless.

Next, Freeman once again takes on the role of legislator, as he argues that a victim "must" assert any rights under the CVRA by motion. 18 U.S.C. § 3771(d)(3). Giving Freeman the benefit of the doubt, which he probably does not deserve as he is a former federal prosecutor, and presuming that he does not intend to mislead the Court, his reading of the CVRA is sloppy, at best. While 18 U.S.C. § 3771(d)(3) directs the Court to take up and decide any motion filed

by the victim, it certainly does not compel the victim to file a motion in order to assert its rights under the CVRA. And, in fact, a closer reading of the "Rights" section of the CVRA would put Freeman on notice that "A person accused of the crime may not obtain any form of relief under this chapter." 18 U.S.C. § 3771(d)(1). Defendant may not use the CVRA as either a sword or a shield, and is compelled to refrain from interfering with the victim's rights beyond the brutality of the crime for which he was convicted.

Finally, the Court notes that the motion serves as yet another indication, noted by the Court during Defendant's sentencing, of the incredible lack of remorse or concern for the victim in this matter. Throughout the proceedings, up to and including this motion and Defendant's sentencing, Defendant's primary concern has been with his own well being and prerogatives, and even when given the opportunity to personally speak to the Court prior to the imposition of his sentence, he failed to even once make mention of any remorse or repentance for his actions, except to the extent that they affected himself or his wife. Defendant's and Freeman's complete lack of concern for the horror Defendant has imposed on the victim through his actions is abhorrent and despicable. The Court certainly is not persuaded to afford Defendant any opportunities to be heard beyond those to which Defendant is absolutely entitled.

Additionally, the Court is compelled to consider the imposition of sanctions on John Freeman for the filing of this off-base and frivolous motion. The Court intends to hold a hearing on the question of sanctions, at a date and time to be determined.

For these reasons, and for those stated during the Court's hearing of April 15, 2010,

IT IS ORDERED that Defendant's Motion is DENIED.

IT IS FURTHER ORDERED that John Freeman is to file a brief, limited to five pages,

on the issue of appropriate sanctions. Such brief is to be filed within ten days of the date of this Order.

  IT IS FURTHER ORDERED that the Government is to file a responsive brief, limited to five pages, within ten days of the date of John Freeman's brief.


DATED: May 3, 2010        s/Bernard A. Friedman
                BERNARD A. FRIEDMAN
                UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

  The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on May 3, 2010.

                s/Deborah J. Goltz
                DEBORAH J. GOLTZ
                Case Manager